UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>DANIEL D. SMITH,<br><br>                Defendant. | No. CR-03-228-FVS<br><br>ORDER DIRECTING GOVERNMENT TO FILE RESPONSE TO DEFENDANT'S SECOND AMENDED § 2255 MOTION |

**BEFORE THE COURT** is the defendant's motion seeking relief under 28 U.S.C. § 2255, Ct. Rec. 33, the defendant's Amended § 2255 motion, Ct. Rec. 34, and the defendant's Second Amended § 2255 motion, Ct. Rec. 35.

A § 2255 motion filed by a federal prisoner is not a proceeding in the original criminal prosecution, but is instead an independent civil suit. *Heflin v. United States*, 358 U.S. 415, 418 n.7, 79 S.Ct. 451, 453 n.7, 3 L.Ed.2d 407 (1951). As such, it is governed by the rules governing civil proceedings. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings by a district court "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also* Fed.R.Civ.P. 7(b)(2) (making the rules applicable to the form of pleadings also applicable to motions). Thus, the grant or denial of an opportunity to amend a § 2255 motion is within the discretion of the Court. Moreover, principles

ORDER DIRECTING GOVERNMENT TO FILE RESPONSE TO DEFENDANT'S SECOND AMENDED § 2255 MOTION - 1

governing *pro se* matters oblige the Court to relax procedural rules in favor of the pro se petitioner.  *See Hainers v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (pro se complaints held to "less stringent standards than formal pleadings drafted by lawyers").

Therefore, even though the defendant did not request permission to file amended § 2255 motions, the Court accepts the defendant's Second Amended § 2255 motion, Ct. Rec. 35, as an original.  The defendant's motions are all timely filed under § 2255.  The Court's review of the defendant's § 2255 motions shall include all of the defendant's claim challenging the legality of his sentence raised in his Second Amended § 2255 motion.

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law.  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney...." 28 U.S.C. § 2255.  However, the Court may *sua sponte* dismiss the motion if "it plainly appears from the face of the motion ... that the movant is not entitled to relief in the district court."  Rule 4(b), Rules Governing Section 2255 Proceedings For the United States District Courts.

The Court has now had an opportunity to review the defendant's

ORDER DIRECTING GOVERNMENT TO FILE RESPONSE TO DEFENDANT'S SECOND AMENDED § 2255 MOTION - 2

motions. Having done so, the Court cannot say that the defendant is entitled to no relief under 28 U.S.C. § 2255. For this reason, the government is ordered to respond to the defendant's Second Amended § 2255 motion, Ct. Rec. 35. Accordingly,

**IT IS HEREBY ORDERED:**

1. The government shall file a **response** to the defendant's Second Amended Motion, **Ct. Rec. 35**, on or before **May 23, 2005,** and serve the same on the **defendant.**

2. The defendant shall file a reply, if he chooses, by **June 20, 2005.**

3. The defendant's original § 2255 motion, **Ct. Rec. 33**, and the defendant's amended § 2255 motion, **Ct. Rec. 34**, are **STRICKEN AS DUPLICATIVE**.

**IT IS SO ORDERED.** The District Court Executive shall **provide a copy of the defendant's motion to the plaintiff** and shall enter this order and furnish copies to the parties.

**DATED** this 22nd day of April, 2005.

>                s/ Fred Van Sickle
>                  Fred Van Sickle
>         Chief United States District Judge