UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES,<br><br>               Plaintiff,<br><br>     v.<br><br>DANIEL D. SMITH,<br><br>              Defendant. | No. CR-03-228-FVS<br><br>ORDER DENYING SECOND AMENDED § 2255 MOTION |

**THIS MATTER** came before the Court pursuant to the defendant's second amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, Ct. Rec. 35. The defendant is proceeding *pro se*. The government is represented by Assistant United States Attorney Ronald Skibbie. The Court has reviewed the entire case file and is prepared to rule.

**BACKGROUND**

On March 9, 2004, the defendant pleaded guilty to the offense of manufacturing 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1). (Ct. Rec. 25, 26, 27). The Plea Agreement advised the defendant he was facing a term of imprisonment of "not more than 40 years nor less than 5 years...." (Ct. Rec. 26). In the Plea Agreement, the defendant also stipulated to the facts underlying his conviction. (Ct. Rec. 26). At the time of sentencing, based on facts admitted by the defendant in his Plea Agreement, the Court

ORDER DENYING SECOND AMENDED § 2255 MOTION - 1

sentenced the defendant to the statutory mandatory minimum sentence of 60 months imprisonment pursuant to the provisions of 21 U.S.C § 841(a)(1).

The defendant did not appeal his sentence. He now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, Ct. Rec. 33. The defendant also submitted an amended § 2255 motion, Ct. Rec. 34, and a second amended § 2255 motion, Ct. Rec. 35. The Court previously directed the government to respond to the defendant's second amended § 2255 motion.

**DISCUSSION**

The defendant argues in his original § 2255 motion that his sentence is unconstitutional pursuant to the United States Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The defendant argues in his amended § 2255 motion that his sentence is also unconstitutional pursuant to *United States v. Booker*, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Finally, the defendant argues in his second amended § 2255 motion that he received ineffective assistance of counsel.

*Blakely/Booker Arguments*

The defendant's claim that his statutory imposed mandatory minimum sentence is unconstitutional in light of the Supreme Court's rulings in *Blakely v. Washington*, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), fails for two reasons.

First, the rule announced by *Blakely* is procedural rather than substantive, and under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060,

ORDER DENYING SECOND AMENDED § 2255 MOTION - 2

103 L.Ed.2d 334 (1989), the *Blakely/Booker* rule constitutes a new rule that does not apply retroactively to cases, such as the defendant's, that were final when *Blakely* was decided. *See, e.g., United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *see also Cook v. United States*, 386 F.3d 949 (9th Cir. 2004) (noting that *Blakely* is not retroactive to cases on collateral appeal).

Second, even if the *Blakely/Booker* rule did apply retroactively to the defendant's case, *Booker* has no impact on the defendant's sentence because his sentence was not based upon an application of the United States Sentencing Guidelines but rather upon the mandatory minimum sentence set forth in 21 U.S.C. § 841(a)(1). *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (stating that "*Booker* does not bear on mandatory minimums"); *see e.g., United States v. Antonakopoulos*, 399 F.3d 68, 76 (1st Cir. 2005) (stating that there is no *Booker* argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts found by a jury or admitted by the defendant); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005) (stating that "[n]othing in *Booker* gives a judge any discretion to disregard a mandatory minimum" statutory sentence); *United States v. Rojas-Coria*, 401 F.3d 871, 874 n.4 (8th Cir. 2005) (noting that *Booker* has no impact on a case where the defendant is sentenced pursuant to a statutory mandatory minimum rather than pursuant to an application of the Sentencing Guidelines).

*Ineffective Assistance of Counsel*

The defendant claims his counsel was ineffective because his attorney "failed/refused to investigate the facts, and research the

ORDER DENYING SECOND AMENDED § 2255 MOTION - 3

case, as well as object to drug type, and drug quantity ... which were judge-made findings, in violation of Booker & Blakely." In reviewing a claim of ineffective assistance of counsel, the Court applies a two-part test: "First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *United States v. Recio*, 371 F.3d 1093, 1109 (9th Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Under the first element, the Court must examine "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. This requires the Court to analyze counsel's performance with some deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052. Counsel's performance is not ineffective unless it fails to meet an objective standard of reasonableness under prevailing professional norms. *Id.* at 688, 104 S.Ct. 2052.

The Court determines that the defendant cannot show that counsel's performance at sentencing was objectively unreasonable. Since the Court determined above that neither *Blakely* nor *Booker* are applicable to the defendant, the defendant has not suffered any prejudice. Therefore, the defendant's claim for ineffective assistance of counsel is without merit. Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Second Amended Motion

ORDER DENYING SECOND AMENDED § 2255 MOTION - 4

to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255, **Ct. Rec. 35**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish a copy to the **defendant**.

**DATED** this ___27th___ day of June, 2005.

                                  <u>  s/ Fred Van Sickle  </u>
                                      Fred Van Sickle
                          Chief United States District Judge

ORDER DENYING SECOND AMENDED § 2255 MOTION - 5